RIDGEWAY STATE BANK, Respondent, vs. SEVERSON, imp.,
Appellant.

*December 12, 1924—January 13, 1925.*

*Trial: Special verdict: Facts not in dispute: Changing answer of
jury: Evidence: Sufficiency.*

1. In an action of replevin to recover personal property claimed
   under a bill of sale executed by the son of the owner of a
   garage business, the evidence, which consisted of the un-
   contradicted testimony of the village clerk, is *held* sufficient
   to sustain the court in changing the answer of the jury to
   a question as to whether the bill of sale, which was signed by
   the son and filed with the village clerk, was afterwards sub-
   mitted to and ratified by the father, from "No" to "Yes."
   p. 507.
2. Where there is no dispute in the testimony it is not necessary to
   submit questions to the jury.    p. 507.
3. Where the uncontradicted testimony supports the findings of the
   court, the judgment will be affirmed.    p. 507.

APPEAL from a judgment of the superior court of Dane
county: AUGUST C. HOPPMANN, Judge.    *Affirmed.*

Action of replevin to recover possession of a Buick tour-
ing car and other personal property.    Plaintiff's claim is
based upon a bill of sale given to it as security for a loan
made by it to the deceased, Ole S. Severson, who was con-
ducting a garage business in Ridgeway at the time the bill
of sale was executed.    It was first signed by the son of the
deceased, the defendant *Roy O. Severson,* and plaintiff
claimed upon the trial that *Roy O. Severson* had authority
to bind his father by his signature.    This was denied by the
defendant.    Plaintiff further claimed that after the bill of
sale was signed and after it had been filed in the city clerk's
office it was returned to the bank, and the deceased, Ole S.
Severson, fully ratified it and made it his own as a continu-
ing security in good faith.    This was also denied by the de-
fendants.    The issues were submitted to the jury by a special

verdict, and the jury found (1) that the words "For Ridge-way Buick Company" on Exhibit No. 1, at the time *Roy Severson* signed his name thereto, were not on the instrument; (2) that Exhibit No. 1, given by *Roy O. Severson,* was not taken by plaintiff in good faith and with the intention that it should remain as permanent security for the payment of the money owing the plaintiff by Ole S. Severson or the Ridgeway Buick Company; (3) that Exhibit No. 1 was not submitted to and ratified by Ole S. Severson in its present form. The court, upon motion by plaintiff, changed the answer to question No. 3 of the special verdict from "No" to "Yes" and made two additional findings of fact as follows: "That upon the 6th of October, 1920, it was understood and agreed by and between Ole S. Severson and the plaintiff in this action that the bill of sale marked Exhibit No. 1 in this action was to be left with and retained by the plaintiff as permanent security for the payment of the $4,000 note, marked Exhibit No. 2 in this action." The second finding made by the court is a description of the property and is not material to any issue raised upon the appeal. Upon the verdict as changed by the court and upon the findings made by the court judgment was entered in favor of the plaintiff, from which judgment the defendants appealed.

For the appellant there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *C. W. Raeder.*

For the respondent there was a brief by *Stephens & Sletteland* and *F. W. Hall,* all of Madison, and oral argument by *Mr. Glenn W. Stephens* and *Mr. Hall.*

VINJE, C. J. The errors relied upon by the defendants are (1) that the court erred in changing the answer to question No. 3 of the special verdict; (2) that the court erred in making the findings of fact set out in the statement; and

(3) that it erred in refusing to submit questions No. 4 and 5 of the special verdict proposed on behalf of the defendant. The proposed questions were:

"No. 4. Did Ole S. Severson on October 6, 1920, ratify and adopt Exhibit 1 as signed by *Roy Severson* and in its present form as permanent security for the payment of the $4,000 note?"

"No. 5. If you answer No. 4 'Yes,' then answer this question: Was Exhibit No. 1 on October 6, 1920, retained by the plaintiff in good faith and with the honest intention to keep it as permanent security for the payment of the $4,000 note?"

The only testimony bearing on the issues raised by question No. 3 submitted in the special verdict and the proposed questions No. 4 and 5 was that of Mr. James Kelly, and that testimony was as follows:

"My name is James Kelly. I live at Ridgeway, Wisconsin. I am postmaster of Ridgeway and I am deputy village clerk. On the 4th day of October, 1920, I was the village clerk, and as such village clerk I was accustomed to file the papers that were ordinarily filed with village clerks for the village of Ridgeway. That is my signature on the front of Exhibit 1, showing that the instrument was filed in my office on October 4, 1920. I made an entry of it in this book of records. *Q.* Will you open that book and show me where that— Mr. Gilbert: We admit that, if the court please. *Q.* All right. Mr. Kelly, I notice on the front of Exhibit 1 that there are two lines drawn through the words 'five hundred.' I will ask you if you know anything about how that change happened to get upon that instrument? *A.* Yes, sir; shortly after this was filed—two or three days, I wouldn't be sure how many—Mr. Paull came and asked me to come into the bank and bring this bill of sale from the Ridgeway Buick Company. I brought it into the bank. I got the bill of sale out of the safe where I keep our public records. No one else has access to that safe but myself. I took this bill of sale from the safe on that day and took it into the office of the bank, back room. Mr. Severson and Mr. Paull were there. It was the old gentleman, I guess—

Ole Severson. When I came in Mr. Paull said he was going to make a new bill of sale and I still had the paper in my hand and Mr. Ole Severson said, 'Why not change this same one and scratch the five hundred out.' Ole Severson said that. Mr. Paull said 'All right,' and I handed him the instrument and he scratched it out in my presence and in the presence of Ole Severson and the instrument was handed back to me. I took it back and put it in the safe, where it has been ever since except when I brought it here today; it has been there ever since."

We think the testimony amply sufficient to sustain the court in changing the answer to question No. 3 as returned by the jury from 'No' to 'Yes.' It is also amply sufficient to sustain the court's action in not submitting questions No. 4 and 5 as submitted by the defendant. Where there is no dispute in the testimony it is not necessary to submit questions to the jury. This is a case where the uncontradicted testimony supports the findings made by the trial court, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.